UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

DEC 15

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

BANC OF AMERICA INVESTMENT
SERVICES, INC.

    Plaintiff,

v.           Civil Action No. 2:09cv211
             Civil Action No. 2:09cv212

MICHAEL A. BYRD,

    Defendant - 2:09cv211.

GREGORY F. HARRIS,

    Defendant - 2:09cv212.


<u>MEMORANDUM ORDER</u>

These unconsolidated, but related, matters are before the Court on Defendants' motions to dismiss.[1] The issues were fully briefed by the parties and the Court dispensed with oral argument because it would not aid the decisional process.  The matters are now ripe for review, and for the reasons set forth below, the Court **GRANTS** Defendants' motions to dismiss the complaints in Case No. 2:09cv211 and Case No. 2:09cv212.

### I. Facts and Procedural History

Defendants Michael Byrd ("Byrd") and Gregory Harris

---

[1] Although the cases have not been formally consolidated, the Plaintiff and its counsel are the same in each matter, the Defendants are represented by the same counsel, and the facts are essentially identical.  The Court has been careful to consider the facts of each case independently in reaching its decision.

("Harris")(collectively "Defendants") were at one time employed as financial advisors in Norfolk, Virginia, by Plaintiff Banc of America Investment Services, Inc. ("BAI"). As part of their employment, Defendants signed two different non-solicitation agreements. On March 20, 2009, both Byrd and Harris resigned from BAI to join one of its competitor.

On May 8, 2009, BAI filed complaints against the Defendants for breach of contract and tortious interference. BAI contends that Byrd and Harris contacted former BAI clients to procure business in violation of the non-solicitation agreements the Defendants had signed while employed by BAI. The parties agree that their disputes are subject to mandatory and binding arbitration under the Financial Industry Regulatory Authority ("FINRA") Code of Arbitration Procedure. Under the FINRA Code, however, the parties retain a right to seek preliminary injunctive relief in a court of competent jurisdiction.

On May 18, 2009, Plaintiff moved this Court to enter a preliminary injunction against both Byrd and Harris. Following oral argument, the Court denied the Plaintiff's motions. *Bank of America Investment Services, Inc. v. Michael Byrd*, No. 2:09cv211 (E.D. Va. June 13, 2009); *Bank America Investment Services, Inc. v. Michael Byrd*, No. 2:09cv212 (E.D. Va. June 13, 2009). The Defendants now move to dismiss both complaints pursuant to Federal Rule of Civil Procedure 12(b)(6).

2

## II. Discussion

When considering a motion to dismiss under Rule 12(b)(6), the court must assess the legal sufficiency of the allegations in the complaint. *Francis v. Giacomelli,* 2009 WL 4348830, at *4 (4th Cir. Dec. 2, 2009). In doing so, the court is required to view the complaint in the light most favorable to the Plaintiff. *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The court must take all factual allegations as true and draw any reasonable inferences in the Plaintiff's favor. *Id.* In order to survive a motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The parties agree that aside from their limited right to seek preliminary injunctive relief, their disputes are subject to mandatory and binding arbitration. Compl., ¶ 5. Plaintiff pursued injunctive relief and the Court denied the motions. As a result, this Court has exhausted the only possible relief it could provide BAI in this case. Because the remaining issues in this case must be submitted to arbitration, the Plaintiff's complaints are dismissed. *See Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 353 F.3d 707, 709-10 (4th Cir. 2001) (finding dismissal proper when all issues presented are subject

3

to arbitration) (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)); *see also Gibbs v. PFS Invs., Inc.*, 209 F. Supp. 2d 620, 627-28 (E.D. Va. 2002) (same).

### III. Conclusion

For the reasons above, Defendants' motions to dismiss the complaints in Case No. 2:09cv211 and Case No. 2:09cv212 are **GRANTED.**

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

_____ /s/ ༄༅

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 15 , 2009